UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN, | Case No. 2:22-cv-00886-JVS-JC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |
| DEBBIE ASUNCION, | |
| Respondent. | |

## I. INTRODUCTION

On February 4, 2022, petitioner Justin Marcus Zinman filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 challenging a 2021 conviction and/or sentence in Ventura County Superior Court Case No. 2021001112 ("State Case"). (Petition at 1-2). It plainly appears from the face of the Petition and matters as to which this Court takes judicial notice, that petitioner's conviction in the State Case is currently on direct appeal and that his claims have not previously been presented to and resolved by the California Supreme Court, such that it would be appropriate for the Court to abstain from considering petitioner's claims at this juncture and to dismiss the Petition and this action without prejudice based on the pendency of the direct appeal and the lack of exhaustion.

For the reasons explained below, petitioner is ORDERED TO SHOW CAUSE within twenty (20) days of the date of this Order, why the Petition and this action should not be dismissed without prejudice.

## II.   DISCUSSION

### A.   Abstention

Federal courts "ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not 'refus[e] to decide a case in deference to the States.'" Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013) (quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989)).  However, the Supreme Court has recognized "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief."  Id.; see also Younger v. Harris, 401 U.S. 37, 43 (1971) (recognizing a "longstanding public policy against federal court interference with state court proceedings").  Younger "exemplifies one class of cases in which federal-court abstention is required:  When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."  Sprint Commc'ns, Inc., 571 U.S. at 72; Younger, 401 U.S. at 43-55.

Federal courts may raise Younger abstention sua sponte.  See Hoye v. City of Oakland, 653 F.3d 835, 843 n.5 (9th Cir. 2011).  Younger abstention is appropriate if:  (1) there are ongoing parallel state criminal judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to resolve federal questions.  Dubinka v. Judges of Superior Ct., 23 F.3d 218, 223 (9th Cir. 1994) (quotations and citations omitted); see also Herrera v. City of Palmdale, 918 F.3d 1037, 1043-44 (9th Cir. 2019) (stating same and noting that where state proceedings meet foregoing requirements, federal court may abstain under Younger so long as the federal
///

action would have the practical effect of enjoining the state proceedings) (citations omitted).  In this case, all of the Younger criteria are satisfied.

First, this Court takes judicial notice of the dockets of California Court of Appeal, 2nd Appellate District, Case Nos. B313764 and B313883 – available via http://appellatecases.courtinfo.ca.gov – the former of which reflects that petitioner's direct appeal of his conviction/sentence in the State Case is currently pending in the California Court of Appeal and the latter of which reflects that the California Court of Appeal has deferred ruling on petitioner's pending state habeas petition challenging petitioner's conviction/sentence in the State Case until resolution of his direct appeal.  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).  The Petition likewise reflects the pendency of the foregoing proceedings in the Court of Appeal. (Petition at 2-4, 11).  Accordingly, it is apparent that there are ongoing state judicial proceedings – a factor which weighs in favor of abstention.  See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (only in most unusual circumstances is defendant entitled to have federal interposition by way of injunction or habeas corpus until after jury comes in, judgment has been appealed from and case concluded in state courts); Roberts v. Dicarlo, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (Younger abstention appropriate where petitioner's direct appeal pending in state court of appeal).

Second, states have an important interest in passing upon and correcting violations of a defendant's rights.  See Roberts, 296 F. Supp. 2d at 1185 (citation omitted).  Accordingly, this factor likewise weighs in favor of abstention.

Third, petitioner has an adequate opportunity in the state proceedings, including state appellate proceedings, to resolve any federal questions that may have arisen during the proceedings.  See Middlesex Cnty. Ethics Comm'n. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (where vital state interests

involved, federal court should abstain unless state law clearly bars interposition of constitutional claims) (citations and quotations omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 253 (9th Cir. 1992) (doctrine of abstention precludes party from obtaining relief in federal court simply because party disagrees with result reached by state courts); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary). Thus, this factor also weighs in favor of abstention.

Because all of the Younger requirements are satisfied, this Court must abstain and dismiss this action unless extraordinary circumstances exist. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 n.22 (1976) (Younger abstention not discretionary once conditions met); World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of Younger, a district court must dismiss the federal action.") (citation omitted). Here, neither the claims asserted by petitioner, nor anything else in the record suggest the existence of extraordinary circumstances. See Younger, 401 U.S. at 45-46. Accordingly, it would be appropriate for the Court to abstain from considering petitioner's challenges to the judgment in the State Case and to dismiss the Petition and this action without prejudice based on the pendency of petitioner's direct appeal.

### B. Exhaustion

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct

alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008) (citation omitted); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.) (per curiam), cert. denied, 558 U.S. 1091 (2009); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

Notwithstanding petitioner's indication that certain of his claims have been presented to the California Supreme Court in a petition for review (Petition at 5-8), the Petition otherwise contains no indication that petitioner has actually filed a petition for review (see Petition at 3, non-response to question 4 calling for petitioner to indicate whether or not he has filed a petition for review with the California Supreme Court and if so, to provide details regarding the same). The Court further takes judicial notice of the dockets of the California Supreme Court, available via http://appellatecases.courtinfo.ca.gov, which contain no record of petitioner having sought relief in such court. Accordingly, it plainly appears from the face of the Petition, as well as matters as to which the Court has taken judicial

///

notice, that petitioner cannot meet his burden to demonstrate that his claims have been exhausted.

Although it is clear that the California Supreme Court has not been presented with and has not addressed petitioner's claims, the exhaustion requirement may nonetheless be satisfied if petitioner's claims are clearly procedurally barred under state law. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). In this case, particularly given the pendency of the state appeal and the state habeas corpus petition in the Court of Appeal, it is not at all "clear" that the California Supreme Court would deem petitioner's claims procedurally barred under state law if he were to raise them on a direct appeal or in a habeas petition in the California Supreme Court. See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition). However, this Court expresses no opinion regarding whether consideration of petitioner's claims might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims. See, e.g., Park, 202 F.3d at 1151-52.

Once, as in this case, a Court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because the Petition in this case is wholly unexhausted, it would be appropriate for the Court to dismiss the Petition and this action without prejudice on such basis.

**III.  ORDER**[1]

For the foregoing reasons, within twenty (20) days of the date of this Order, petitioner is ORDERED TO SHOW CAUSE, in writing, why the Court should not abstain from considering petitioner's claims at this juncture and dismiss the Petition and this action without prejudice based on the pendency of the direct appeal and the lack of exhaustion.

If petitioner contends that he has, in fact, presented his claims to the California Supreme Court and that such court has ruled thereon, his response to this Order to Show Cause shall indicate how and when petitioner raised his claims with the California Supreme Court, shall include the date of the California Supreme Court's decision regarding his claims, and shall attach a copy of such decision, if it is available.

DATED:  February 24, 2022

/s/
_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[1] The Magistrate Judge's instant Order to Show Cause constitutes a non-dispositive ruling on a pretrial matter. To the extent a party disagrees with such non-dispositive ruling, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the Order to Show Cause to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that it is non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the Order to Show Cause if such party does not seek review thereof, or object thereto.